UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TERRY LIN KLOTZ et al.,

        Plaintiff,                        Case No. 1:17-cv-608

v.                                            Honorable Paul L. Maloney

INGHAM COUNTY JAIL,

        Defendant.
_____/

## **OPINION**

This is a civil rights action initially brought by three state prisoners, pursuant to 42 U.S.C. § 1983. The Court has since dismissed Plaintiffs Moreno and Jackson from the action (ECF No. 10) for failure either to pay their $116.67 portions of the filing fee or to file the documents required to proceed *in forma pauperis*, as ordered by the Court. The Court has granted Plaintiff Klotz leave to proceed *in forma pauperis* (ECF No. 9).

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these

standards, the Court will dismiss Plaintiff's claims concerning double-bunking, toilets, showers, and mold. The Court will serve Plaintiff's claims concerning out-of-cell exercise and drinking water.

## Discussion

I.  Factual allegations

Plaintiff Terry Lin Klotz presently is incarcerated at the Ingham County Jail (ICJ). He sues the ICJ for alleged Eighth or Fourteenth Amendment violations.

According to the complaint, Plaintiff is lodged in a cell originally designed for one person, which is presently occupied by two people. The cell is made of brick on all four sides, with a solid entrance door. Plaintiff is locked in his cell for 18 hours in every day, with two periods, 12:00 to 3:00 p.m. and 8:00 to 11:00 p.m., spent in a television room with 30 prisoners. He asserts that no running or other cardio-vascular exercise is permitted in the out-of-cell area. In addition, he asserts that he is not provided any gym time or other opportunity for cardiovascular exercise.

Plaintiff also alleges that the toilet for his cell is digitally timed to flush only twice in every hour. He complains that, if both prisoners use the toilet once during the course of an hour, no flushes remain until the hour has passed. Plaintiff alleges that, when one of the prisoners needs to use the toilet a third time in the hour, his urine and feces must remain in the toilet until the timer is reset. He contends that, in such instances, he must smell the odors of the urine or feces until the toilet can be flushed again. Plaintiff also complains that, should he need to defecate during that period, he may experience unsanitary toilet-bowl splash. In addition, he contends, when the toilets flush, urine and feces from other cells sometimes come up in his cell's toilet. Further, when showers are taken, the water runs for only three minutes, which Plaintiff contends is too little to wash the offending germs from his body.

In addition, Plaintiff claims that the prison has closed one "post" due to the presence of black mold. (Compl., ECF No. 1, PageID.8.) He also alleges that there are "signs everywhere saying that the water is unsafe. He alleges that, while jail employees drink bottled water or water from their own homes, prisoners are required to drink the tap water, despite the signs saying the water is unsafe.

Plaintiff contends that the complained-of conditions amount to cruel and unusual punishment.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Ingham County Jail

Plaintiff sues the Ingham County Jail. The jail is a building, not an entity capable of being sued in its own right. The Court therefore will dismiss Defendant Ingham County Jail.

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Ingham County. Ingham County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Here, Plaintiff alleges that the county had an official policy of maintaining unconstitutional conditions at the ICJ, in a number of ways. To the extent that the alleged violations state a claim, Plaintiff has sufficiently alleged that Ingham County is liable for those violations. The

Court therefore directs the Clerk to substitute Ingham County as a Defendant in the place of Defendant Ingham County Jail.

B.  Conditions of Confinement

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also*

*Richko v. Wayne Cty.*, 819 F.3d 907 (6th Cir. 2016); *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that an alleged violation of a pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, § 1983 provides civil redress. 42 U.S.C. § 1983; *see, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

1. double bunking

Plaintiff's allegations about being double-bunked fail to state a claim. In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Supreme Court held that prison overcrowding, standing alone, does not violate the Eighth Amendment. Rather, Plaintiff bears the burden of showing that crowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities. 452 U.S. at 348. Plaintiff's bare claim that he is double-bunked in a cell that was originally designed for one person fails to demonstrate that his confinement violates either the Eighth or the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979) (upholding double bunking of pretrial detainees in cells originally designed for one person).

2. exercise

The Eighth Amendment entitles prisoners to exercise sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920-27 (6th Cir.

1985). Plaintiff alleges that he is not provided any opportunity for out-of-cell exercise.[1] Upon initial review, Plaintiff's allegations are sufficient to state a claim concerning the deprivation of exercise.

### 3. toilets

Plaintiff claims that his cell toilet will only flush twice in one hour. He contends that, if one of the two cell occupants has to use the toilet another time within the hour, both inmates are forced to smell the odors until the end of the hour. He also suggests that if the occupants need to use the toilet for a fourth time during the hour, the fourth user may be exposed to toilet-bowl splash. Finally, he asserts that, on occasion, when his cell toilet flushes, waste from other toilets may back-flush into his toilet.

The Court has rejected this claim on three prior occasions. *See Jackson et al. v. Ingham Cnty. Jail et al.*, No. 1:17-cv-20 (W.D. Mich. July 10, 2017); *Jackson v. Ingham Cnty. Jail et al.*, No. 1:17-cv-463 (W.D. Mich. Aug. 6, 2017); *Artis et al. v. Ingham Cnty. Jail et al.*, No. 1:17-cv-516 (W.D. Mich. Aug. 28, 2017). As the Court previously has held, Plaintiff's allegations suggest minor and temporary unpleasantness. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor

---

[1] The instant complaint is the fourth of four actions that appear to have been drafted by the same person on behalf of numerous plaintiffs, all complaining about the same matters and all of which have been dismissed by the Court. That person appears to be inmate Paul Jackson. *See Jackson et al. v. Ingham Cnty. Jail et al.*, No. 1:17-cv-20 (W.D. Mich. July 10, 2017); *Jackson v. Ingham Cnty. Jail et al.*, No. 1:17-cv-463 (W.D. Mich. Aug. 6, 2017); *Artis et al. v. Ingham Cnty. Jail et al.*, No. 1:17-cv-516 (W.D. Mich. Aug. 28, 2017). The instant complaint contains slightly modified allegations concerning the exercise claim, together with clarified allegations that the water is dangerous to drink. The remaining allegations are essentially identical.

inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

With respect to Plaintiff's claim that his cell toilet will not flush more than twice per hour, Plaintiff fails to state a claim of constitutional magnitude. Individuals ordinarily do not need to use a toilet even once every hour, much less more than once. In addition, even if one inmate needed to use the toilet every hour, it is doubtful that the other inmate in the cell would need to use the toilet every hour. Further, even if the prior two circumstances occurred, the jail's flushing capacity would be adequate. Plaintiff does not allege that either he or his cellmate suffers from a chronic need to use the restroom more than once per hour. As a result, the likelihood is small that either inmate would have to use the toilet a third time within the hour, and if they did, the only hardship they would suffer is an objectionable odor for a few minutes. It is even less likely that one of the two inmates would use the restroom a fourth time and experience toilet-bowl splash.

A prisoner's exposure to the smell of feces is not sufficient to state an Eighth or a Fourteenth Amendment claim. *See Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *3 (6th Cir. Nov. 12, 1999) (sickening smell of feces does not constitute a sufficiently serious health threat under the Eighth Amendment); *Bey v. Luoma*, No. 2:06-cv-243, 2009 WL 884630, at *2 (W.D. Mich. Mar. 30, 2009) (exposure to smell of feces does not violate the Eighth Amendment, despite claims of resulting nausea, lack of appetite, and headaches); *Dickinson v. Taylor*, No. Civ.A. 98-695-GMS, 2000 WL 1728363, at *3 (D. Del. May 19, 2000) (holding that a prisoner's "claim that

he was forced to endure the smell of his neighbor's feces was properly dismissed because other than nausea, the plaintiff had asserted no serious health threat arising from the unpleasant odors.") (internal quotations omitted)).

Moreover, the Sixth Circuit has recognized on more than one occasion that the Eighth Amendment does not require prisoners to have immediate access to a flushable toilet. *See Abdur-Reheem-X*, 1999 WL 1045069, at *2 (holding that the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets") (citing *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion.")). Other courts have agreed. In *Grimes v. Thomas*, No. 2:12-cv-01909-LSC, 2014 WL 554700, at *7 (N.D. Ala. Feb. 12, 2014), the plaintiff complained about a toilet system similar to that in issue in the instant case. In *Grimes*, the toilet system locked out for a one-hour period, after it had been flushed twice within five minutes. The *Grimes* court, relying on *Abdur-Reheem-X*, 1999 WL 1045069, at *2, held that the Eighth Amendment was not violated when a prisoner had to wait an hour to flush his toilet. *Grimes*, 2014 WL 554700, at *7. *See also Wiley v. Ky. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *4 (E.D. Ky. Nov. 21, 2012) ("Temporary placement in a cell with no flushable toilet is not an extreme deprivation of a basic necessity.").

In sum, Plaintiff's allegations concerning the toilet system at ICJ concern only minimal and incidental harms that do not offend the Eighth Amendment. *Dellis*, 257 F.3d at 511. They do not constitute the sort of "extreme deprivations" that make out a conditions-of confinement claim. *Hudson*, 503 U.S. at 9.

####### 4. black mold

Plaintiff contends that the jail closed one "post" because of the presence of black mold. (Compl., ECF No. 1, PageID.8.) Plaintiff makes no further allegations concerning whether he has been exposed to the mold from the closed area of the prison or that it is airborne.

Exposure to black mold may, in an appropriate case, be sufficiently serious as to satisfy the objective component of the Eighth Amendment. *Compare Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (mold in the ventilation system violates Eighth Amendment), *with Causey v. Allison*, No. 1:08CV155-RHW, 2008 WL 4191746, at *1 (S .D. Miss. Sept. 9, 2008) (no Eighth Amendment violation where prisoner claimed black mold was growing in the shower but "admits that he has had no medical problems resulting from the black mold"); *see also McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *2-*4 (W.D. Mich. Sept. 10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate) (citing *Brady v. State Farm Fire & Cas. Co.*, No. 05-30716, 2006 WL 551388, at *3 (5th Cir. Mar. 8, 2006) (dismissing action because Plaintiff did not use due diligence in determining whether mold was airborne or simply present in her house)).

Here, Plaintiff makes no allegations about whether mold from another part of the jail has become airborne, and he does not allege that the presence of mold causes him health problems. *See Morales v. White*, No. 07-2018, 2008 WL 4584340, at *14 (W.D. Tenn. 2008) (holding that allegation that black mold is located at some place within a housing unit is not sufficient to support an Eighth Amendment claim). As a consequence, Plaintiffs' allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health to implicate the Eighth Amendment. *Ivey*, 832 F.2d at 954.

5.  showers

Plaintiff next complains that the shower is set to automatically turn on for only three minutes. He argues that three minutes is insufficient time to clean himself if he has been exposed to someone else's urine or fecal matter by toilet bowl splash.

A three-minute shower, while brief, does not amount to a deprivation of basic sanitation within the meaning of the Eighth Amendment. Although Plaintiff may wish for more time in the shower, knowing the limitations on his shower time, he should be able to rinse, lather, and rinse again his entire body within three minutes. No reasonable factfinder could conclude that a short shower results in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

6.  drinking water

Plaintiff alleges that "there are literally signs up everywhere saying that the water is unsafe." (Compl., ECF No. 1, PageID.5.) He also alleges that all employees bring their own water from home, rather than drinking jail water. However, jail inmates have no choice but to drink the jail water that has been labeled as unsafe.

Upon initial consideration, the Court concludes that Plaintiff Klotz's allegations are sufficient to warrant service of the complaint.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Eighth or Fourteenth Amendment claims concerning double-bunking, toilets, showers, and mold will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against

Defendant Ingham County on Plaintiff's Eighth Amendment claims involving out-of-cell exercise and drinking water.

An Order consistent with this Opinion will be entered.


Dated: September 21, 2017  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge