UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY KLOTZ #720063, et al.,

        Plaintiffs,                        Hon. Janet T. Neff

v.                                                 Case No. 1:17-cv-608

COUNTY OF INGHAM,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

### BACKGROUND

This action was initiated on July 7, 2017, by Plaintiffs Terry Klotz, Moreno Jackson, and Jamel Graham. Plaintiffs alleged that the conditions at the Ingham County Jail violated their Eighth Amendment rights to be free from cruel and unusual punishment. (ECF No. 1). Plaintiffs Jackson and Graham were subsequently dismissed for failure to prosecute. (ECF No. 10). Most of Plaintiff Klotz's claims were later dismissed on screening. (ECF No. 13-14). Specifically, the only claims remaining at this juncture are that Plaintiff Klotz was deprived of sufficient opportunity to exercise and was not being provided safe drinking water. (ECF No. 13-14). Defendant now moves for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. Plaintiff has failed to respond to the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation,

'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*  With respect to what constitutes proper exhaustion, the Supreme

-3-

Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Plaintiff was incarcerated at the Ingham County Jail from August 19, 2015, through August 23, 2015, and again from October 7, 2016, through September 8, 2017. (ECF No. 22-1 at PageID.85). Throughout Plaintiff's incarceration at the Ingham County Jail, the jail maintained an Inmate Grievance Policy. (ECF No. 22-1 at PageID.87-91). Pursuant to this policy, inmates are encouraged to timely "bring forth legitimate grievances" regarding conditions and circumstances at the jail. (ECF No. 22-1 at PageID.87-91). The grievance policy provides that a Hearing Officer will investigate prisoner grievances and provide responses thereto. (ECF No. 22-1 at PageID.87-91). The policy further articulates a three step grievance process which enables inmates to appeal unsatisfactory grievance responses. (ECF No. 22-1 at PageID.87-91).

Upon arriving at the Ingham County Jail, Plaintiff was personally informed of the jail's grievance policy as well as his right to file grievances. (ECF No. 22-1 at PageID.85). Plaintiff "never filed a single written grievance with the Ingham County Jail, during either of his periods of incarceration or upon his associated releases from confinement, nor did he seek assistance for the purpose of doing so." (ECF No. 22-1 at PageID.85). The evidence presented by Defendant is sufficient to satisfy its burden to demonstrate that Plaintiff failed to properly exhaust his administrative

remedies.  Plaintiff has failed to respond to the present motion or otherwise present evidence in opposition to the present motion.  Accordingly, the undersigned recommends that Defendant's motion be granted and Plaintiff's remaining claims be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 22), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: March 20, 2018                    /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         U.S. Magistrate Judge